**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3771
_____

KENNETH MALLARD,
                              Appellant

v.

LABORERS INTERNATIONAL UNION OF
NORTH AMERICA LOCAL UNION 57
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:13-cv-00774)
District Judge:  Honorable Timothy R. Rice
_____

Submitted on a Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 30, 2015
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed: August 14, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kenneth Mallard appeals from an order of the United States District Court for the Eastern District of Pennsylvania granting summary judgment in favor of his labor union, Laborers' International Union of North America Local Union 57 ("Local 57" or "the Union"). Because no substantial question is raised by the appeal, we will grant Local 57's motion for summary affirmance. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We write principally for the benefit of the parties and recite only the essential facts and procedural history. Mallard began his employment at Westminster Cemetery in November 2007, when he was hired as a general laborer. In May 2009, after having received several prior disciplinary infractions, Mallard was fired by Westminster Cemetery for insubordination.

Following his termination, Mallard contacted Local 57 to pursue a remedy under Local 57's collective bargaining agreement, which provides for a three-step grievance process, culminating in arbitration. Thereafter, a union representative, Esteban Vera ("Vera"), filed a grievance on Mallard's behalf, but Westminster Cemetery declined to reinstate him. Vera then informed Mallard that Local 57's business manager, Richard McCurdy ("McCurdy"), would decide whether to pursue arbitration on Mallard's behalf. After meeting with Mallard, McCurdy informed him that Local 57 would not request arbitration.

Displeased with that decision, Mallard pursued internal charges against Local 57. An independent hearing officer ("IHO") determined that McCurdy's decision not to pursue arbitration was improper, but an appellate officer later reversed the IHO's ruling.

2

Mallard then filed the civil action at issue here alleging that Local 57 breached its duty of fair representation when it declined to pursue arbitration on his behalf.[1] Local 57 moved to dismiss the action on the basis of the statute of limitations, but the District Court denied the motion.

The case proceeded to discovery and, at its close, Local 57 filed a motion for summary judgment, which the District Court granted. In granting summary judgment, the District Court noted that Mallard "failed to establish a fact finder could conclude that Local 57 breached its duty to represent him by failing to request an arbitration." See District Court Opinion at 5. Mallard filed a timely notice of appeal.[2] Local 57 presents a motion to summarily affirm the District Court's judgment, which Mallard opposes.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo and view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Montone v. City of Jersey City, 709 F.3d 181, 189 (3d Cir. 2013). Summary judgment is proper only if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A union has a duty to fairly represent all of its members, both in collective bargaining with an employer and in its enforcement of the resulting collective bargaining

---

[1] The parties consented to proceed before a United States Magistrate Judge.

[2] Mallard was represented by counsel in the District Court. He proceeds pro se on appeal, but he submits a motion for appointment of counsel, which Local 57 opposes.

3

agreement. <u>Vaca v. Sipes</u>, 386 U.S. 171, 177 (1967). A breach of this duty occurs "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." <u>Id.</u> at 190. An employee is "subject to the union's discretionary power to settle or even to abandon a [meritorious] grievance, as long as it does not act arbitrarily." <u>Bazarte v. United Transp. Union</u>, 429 F.2d 868, 872 (3d Cir. 1970). Proof that the union acted negligently or exercised poor judgment, then, is not enough to support a claim for breach of its duty of fair representation. <u>See</u> <u>id.</u> Additionally, the Supreme Court has determined that an employee does not have an absolute right to have his grievance taken to arbitration. <u>Vaca</u>, 386 U.S. at 191.

We agree with the District Court that the record does not support a finding that Local 57 acted arbitrarily, in a discriminatory fashion, or in bad faith when it decided not to pursue arbitration. After Westminster Cemetery denied the grievance, McCurdy undertook an investigation and met with Mallard to further discuss the matter, but he ultimately decided not to pursue arbitration. McCurdy determined that given Mallard's prior disciplinary infractions—which he had accrued in a relatively short period of time at Westminster Cemetery—arbitration was not appropriate.[3] That determination was not unreasonable. Again, the mere failure to arbitrate a grievance is insufficient to support a finding of a breach of fair representation absent evidence of arbitrary or bad-faith

---

[3] As the District Court noted, at his deposition, Mallard admitted to having received at least five "write-ups" for various infractions.

conduct.  See Vaca, 386 U.S. at 191.  Mallard offered no such evidence and, therefore, Local 57 was entitled to summary judgment.[4]

Accordingly, we grant Local 57's motion for summary affirmance, and we will affirm the District Court's judgment.  Mallard's motion for appointment of counsel is denied.

---

[4] To the extent that Mallard also claimed that Local 57 unreasonably failed to inform him of the deadline to file for arbitration after Westminster Cemetery declined to reinstate him, the District Court properly determined that Mallard failed to cite any evidence that the Union had a duty to inform him of the deadline for requesting arbitration.  However, even assuming that the Union had such a duty, Mallard did not present facts suggesting that Local 57 abandoned the grievance process or acted arbitrarily, discriminatorily, or in bad faith, by failing to inform him of certain deadlines.  See Bazarte, 429 F.2d at 872.